ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JONATHAN DELGADO BENÍTEZ<br><br>Peticionario<br><br>V.<br><br>NINOSHKA M. HERNÁNDEZ RODRÍGUEZ<br><br>Recurrida | KLCE202301453 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.:<br>D JP2023-0093<br><br>Sobre:<br>Solicitud de Relaciones Paterno Filiales |

Panel integrado por su presidente el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 29 de enero de 2024.

Comparece ante nos, el señor Jonathan Delgado Benítez (Sr. Delgado Benítez o peticionario), por derecho propio, junto a una Solicitud y Declaración para que se le exima de pago de arancel por razón de indigencia. En escrito presentado el 26 de diciembre de 2023, el peticionario solicita la revocación de la Resolución emitida por el Tribunal de Primera Instancia (TPI), Sala de Guayama, el 29 de noviembre de 2023.

El 4 de enero de 2024, luego de presentado el recurso, el foro primario emitió una Notificación enmendada a los fines de incluir el nombre de la juez.

Revisado el recurso, denegamos su expedición. Veamos.

## I.

En su escrito, el señor Jonathan Delgado Benítez nos informa que el 22 de noviembre de 2023 presentó una demanda para que se establezcan las relaciones filiales con su hija JDH.

Número Identificador

SEN2024 _____

Adujo que la menor reside con su madre en el estado de Massachusetts. Sostuvo que el foro primario ordenó la desestimación del presente recurso por falta de jurisdicción sobre la menor por ésta residir en el estado de Massachusetts.

El señor Delgado Benítez solamente acompañó a su escrito una Notificación de Resolución emitido por el Tribunal de Primera Instancia el 22 de noviembre de 2023 notificado el día 29 de ese mes y año. En referido documento el Tribunal dictaminó lo siguiente: "No ha lugar. El Tribunal no tiene jurisdicción de la demandada por la menor residir en el estado de Massachusetts".

No surge del expediente ningún otro documento para nuestra evaluación. Así pues, revisado el escrito aceptamos la comparecencia del señor Delgado Benítez como indigente, según solicitada, y disponemos.

## II.

Nuestra función como Tribunal de Apelaciones es proveer a los ciudadanos un foro apelativo que revisará, como cuestión de derecho las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y **de forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia**. Art. 4.002 de la Ley de la Judicatura, 4 LPRA sec. 24u. (Énfasis nuestro).

Así, el auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La

característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. La discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

La Regla 52.1 de Procedimiento Civil de Puerto Rico, 32A LPRA Ap. V, R. 52.1 (2009) define la autoridad del Tribunal de Apelaciones para atender y revisar discrecionalmente las resoluciones y órdenes emitidas por el Tribunal de Primera Instancia, a saber:

> Todo procedimiento de apelación, *certiorari*, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la Ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.
>
> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se

interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso de *Certiorari,* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de C*ertiorari*. La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De acuerdo con lo anterior, se ha resuelto que "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." Meléndez v. Caribbean Intl. New*s,* 151 DPR 649, 664-665 (2000).  Así pues, descansa en la sana discreción del foro

apelativo el expedir o no el auto solicitado. <u>García v. Padró</u>, *supra.* El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". <u>García v. Asociación</u>, 165 DPR 311 (2005).

### III.

Según indicáramos, el peticionario acudió ante este foro intermedio para que revisemos una Resolución del TPI que declaró *No ha Lugar* su petición de relaciones paternofiliales. El tribunal entendió que no tenía jurisdicción de la demanda porque la menor residía en el estado de Massachusetts.

Contra esta decisión, el señor Delgado Benítez reclama que cuando se trata del bienestar de un menor, un tribunal tiene autoridad para decidir sobre la custodia, irrespectivamente de la residencia y domicilio de los padres y de anteriores órdenes de custodia dictadas en otras jurisdicciones.

Primeramente, notamos que el señor Delgado Benítez cuestiona una determinación del foro de primera instancia, no obstante, no acompañó a su recurso la copia de la moción o la demanda que remitió al TPI planteando el asunto que aquí nos trae. Ese documento era esencial para que podamos revisar su planteamiento y porque así lo requiere la Regla 34 (E) (d) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B[1].

---

[1] Sobre los apéndices del recurso de *certiorari*, la Regla 34(E) del nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 34(E), dispone que la solicitud incluirá un apéndice que contendrá una copia literal de:
(a) Las alegaciones de las partes,
(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;
[…]

(d) Toda resolución u orden, y **toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de certiorari, o que sean relevantes a ésta**.

(e) **Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia**.

A su vez, el señor Delgado Benítez alude a ciertas órdenes de custodia dictadas en otras jurisdicciones, pero tampoco incluyó esos documentos según lo exige la Regla 34 (E)(e) de nuestro Reglamento[2], ni explicó de qué se trataban. Por lo que, el peticionario no nos puso en condiciones de conocer los pormenores de las aludidas órdenes sobre relaciones paternofiliales. Todos los documentos aquí mencionados eran esenciales para un cabal análisis, comprensión y disposición del asunto que se nos plantea. Esto provoca un impedimento real para atender su reclamación. Atado a lo anterior, el escrito que revisamos adolece de los correspondientes señalamientos de error que hubiese cometido el TPI y la discusión de ellos. Todo lo cual, también afecta nuestra función revisora. Lo anterior es razón suficiente para desestimar su reclamo, por no perfeccionar adecuadamente el recurso.[3]

Independiente a lo anterior, al revisar el dictamen recurrido determinamos que en el asunto ante nuestra consideración no concurre con criterio alguno de la Regla 40 de nuestro Reglamento que amerite intervenir con la determinación cuya revisión se nos solicita.

Nótese que el foro primario denegó la reclamación relaciones paternofiliales que presentó el señor Delgado Benítez porque la menor residía en un estado de la nación Norteamericana. Esta información fue corroborada con el escrito del peticionario, quien afirma que la menor reside en el estado de Massachussets.

---

[2] Íd.
[3] Con respecto a los apéndices, el Tribunal Supremo generalmente se ha movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la jurisdicción del foro revisor. Vázquez Figueroa v. E.L.A, 172 DPR 150, 155 (2007).

Al ser la menor residente del estado de Massachusetts, adquiere vigencia el *Parental Kidnapping Prevention Act* (PKPA), 28 USCA sec. 1738A(a). Este es una ley federal que procura facilitar la ejecución de los decretos de los estados relacionados a custodia y derechos de visita, así como prevenir la competencia y el conflicto interjurisdiccional. Cancel Rivera v. González Ruiz, 200 DPR 319, 330 (2018). Esta ley rige expresamente en todos los estados de Estados Unidos, en los territorios y sus posesiones –incluyendo a Puerto Rico- y en el Distrito de Columbia. Cancel Rivera v. González Ruiz, *supra*; 28 USC sec. 1738A (b)(8); Santiago v. Kabuka, 166 DPR 526 (2005). Además, ocupa el campo en materia de determinaciones interestatales de custodia. *Íd*.

El PKPA "establece un esquema de preferencia jurisdiccional mediante el cual se favorece el estado de residencia del menor como el foro que mejor está capacitado para atender las cuestiones de custodia del menor". Cancel Rivera v. González Ruiz, *supra,* pág. 333*,* citando a Santiago v. Kabuka, *supra*.

Es preciso aclarar que, para propósitos de la custodia o de los derechos de visita, la ley define el concepto "estado de residencia" (*home state*) como "aquel estado o jurisdicción en la que el menor haya vivido con uno o ambos padres, o con un tutor, al menos durante seis meses consecutivos antes de la fecha de inicio de los procedimientos de custodia o de fijación de derechos de visita". Íd., 28 USC sec. 1738B(a). (Énfasis nuestro). Si el dictamen original cumplió con la base jurisdiccional preferida (estado de residencia), los tribunales de otro estado no podrán modificar ese dictamen. Collazo Dragoni v. Noceda González, 198 DPR 476, 491 (2017), véase, además, Cancel Rivera v. González Ruiz, *supra*, pág. 334.

Como vemos, existe la norma general de que el estado de residencia del menor es el llamado a emitir determinaciones en cuanto a este. Con ello como norte, no detectamos, ni el señor Delgado Benítez nos ha demostrado, que, en el ejercicio de sus facultades, el tribunal primario haya incurrido en error de derecho o en abuso de discreción al denegar la acción de relaciones paternofiliales porque la menor reside en el estado de Massachusetts. Esta determinación resulta razonable, a la luz de los hechos que informa esta causa y el estado de derecho que rige en estos casos. Ante ello, nos abstenemos de intervenir con la determinación recurrida.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos el recurso de *Certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Disponemos que la Secretaria del Departamento de Corrección y Rehabilitación deberá entregar copia de esta sentencia al peticionario, en cualquier institución correccional donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones